**Forrest L. KIRK, Plaintiff,**

v.

**Lewis C. McMEEN, Iowa County Attorney, and Richard C. Turner, Attorney General of Iowa, Defendants.**

**Civ. No. 71–C–16–CR.**

United States District Court,
N. D. Iowa,
Cedar Rapids Division.
May 25, 1971.

Donald A. Hoy, Iowa City, Iowa, for plaintiff.

Clayton C. Mowers, Asst. Atty. Gen., Des Moines, Iowa, Lewis C. McMeen, Iowa County Atty., Marengo, Iowa, for defendants.

Before LAY, Circuit Judge, McMANUS, Chief District Judge, and HANSON, District Judge.

## ORDER

PER CURIAM.

This matter is before the court on defendants' motion to dismiss filed April 28, 1971 and plaintiff's resistance thereto.

In this action plaintiff seeks to enjoin defendants from the introduction into evidence in Criminal Cause No. 2342 of the District Court of Iowa, in and for Iowa County, the results of the analysis of a sample of plaintiff's blood, taken while he was unconscious, pursuant to Chapter 321B, Code of Iowa 1966. Plaintiff contends that Chapter 321B is unconstitutional because it creates two classes of individuals, conscious and unconscious, and grants conscious individuals rights and privileges not granted unconscious individuals, and therefore, violates equal protection. A three-judge court was convened pursuant to 28 U.S. C. § 2281.

An order on pretrial conference filed May 5, 1971 set forth the undisputed facts. It is conceded that the criminal prosecution is brought in good faith and not for the purpose of harassment. There is no showing of great and immediate irreparable injury, the traditional prerequisite to obtaining an injunction. The only injury facing plaintiff is that incidental to every criminal proceeding

brought lawfully and in good faith. We are of the view that this case is governed by the rule recently announced in Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971), citing Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971):

> Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate.

*See also* Stefanelli v. Minard, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138 (1951).

It is therefore

Ordered

Plaintiff's complaint is dismissed.